UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 6 2009

Clerk, U.S. District and
Bankruptcy Courts

ROGER RUDDER                        :
3715 Quincy Street                  :
Brentwood, MD 20722                 :
                                    :
and                                 :
                                    :
ROSENA RUDDER                       :
3715 Quincy Street                  :
Brentwood, MD 20722                 :
                                    :
and                                 :
                                    :
E.R., (MINOR CHILD), by and         :
through her Next Friend and         :
Father, ROGER RUDDER                :          Case: 1:09-cv-02174
                                    :          Assigned To : Leon, Richard J.
and                                 : Cas      Assign. Date : 11/16/2009
                                    :          Description: Civil Rights-Non-Employ.
NOVERLENE GISELLE GOSS              :
3715 Quincy Street                  :
Brentwood, MD 20722                 :
                                    :
and                                 :
                                    :
D.G., (MINOR CHILD), by and         :
through her Next Friend and         :
Mother, NOVERLENE GISELLE           :
GOSS                                :
                                    :
     Plaintiffs,                    :
                                    :
v.                                  :
                                    :
OFFICER SHANNON WILLIAMS            :
1620 V Street, NW                   :
Washington, D.C. 20009              :
                                    :
and                                 :
                                    :
OFFICER W. CHATMAN                  :
1620 V Street, NW                   :
Washington, D.C. 20009              :
                                    :
and                                 :
                                    :

```
DISTRICT OF COLUMBIA,          :
A Municipal Corporation,       :
Serve On:                      :
Adrian Fenty, Mayor, District  :
  of Columbia,                 :
                               :
and                            :
                               :
Serve On:                      :
Peter J. Nickles, Attorney     :
 General, District of          :
 Columbia,                     :
                               :
     Defendants.               :
                               :
```

## COMPLAINT

COME NOW Plaintiffs, Roger Rudder, Rosena Rudder, Minor Child E.R., by and through her Next Friend and Father, Roger Rudder, Noverlene Goss, Minor Child D.G., by and through her Next Friend and Mother, Noverlene Goss, by and through their attorneys, Anitha Johnson, Esq. and ODELUGO & JOHNSON, L.L.C. and file this Complaint against Defendants Officer Shannon Williams, Officer W. Chatman, and the District of Columbia.  In support thereof, Plaintiffs state as follows:

## PARTIES AND JURISDICTION

1.   This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1981-1988.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and the aforementioned Constitutional and statutory provisions.  Plaintiffs also invoke pendent jurisdiction of this Court to adjudicate claims under state law.

28 U.S.C. § 1367.

2.  At all times relevant hereto, Defendant Shannon Williams, was employed by the District of Columbia Metropolitan Police Department.  Plaintiffs bring this action against Defendant Officer William in both her individual and official capacity.

3.  At all times relevant hereto, Defendant Officer W. Chatman, was employed by the District of Columbia Metropolitan Police Department.  Plaintiff brings this action against Defendant Officer Chatman in both his individual and official capacity.

4.  The Metropolitan Police Department (hereinafter, "Department" or "MPD"), is an agent of Defendant District of Columbia and was charged with the operation of the Department and supervision of Defendant Officers Williams and Chatman.

6.  At all times relevant, the Department was responsible for establishing its policies and for promulgating and enforcing its regulations.  The Department was also responsible for training and supervising police officers and detectives and for ensuring that its personnel obey the laws of the District of Columbia and the United States of America.

7.  Defendant District of Columbia is a municipal corporation and was, at all times relevant to this cause of action, responsible for the operation of the Department.

8.   At all times relevant to this cause of action, Defendant District of Columbia employed Defendant Officers Williams and Chatman, and said Defendant Officers acted as its agents, servants, and employees.

9.   At all times relevant hereto and in all their actions herein described, Defendant Officers Williams and Chatman, as agents of Defendant District of Columbia, acted under the color of law and pursuant to their authority as officers employed by the District of Columbia Metropolitan Police Department.

### FACTS COMMON TO ALL COUNTS

10.   On or about June 28th, 2008, Plaintiffs were attending Washington, D.C.'s Annual Caribbean Carnival Parade on Georgia Avenue near the intersection of Georgia Avenue and Girard Street in northwest District of Columbia.

11.   When Plaintiffs noticed that some of their relatives were participating in the parade, they walked up to them to embrace them.  Afterwards, as Plaintiffs attempted to return to the sidewalk, Officer Chatman approached them and ordered them to get back on the sidewalk.

12.   Plaintiffs willingly complied with Officer Chatman's command without incident.  As Officer Chatman escorted Plaintiffs to the sidewalk, Officer Chatman forcibly shoved Plaintiff Rosena Rudder multiple times.  Plaintiffs Roger Rudder and Noverlene Goss asked Officer Chatman whether his actions were necessary.

13.  At that time, Officer Williams approached Minor Plaintiff D.G., age fifteen, and Minor Plaintiff E.G., age five, and struck them with her baton with enough force to cause them to fall to the ground.  Plaintiff Noverlene Goss, Plaintiff D.G.'s mother, called out to the officer in response.  Plaintiff Roger Rudder attempted to stop the officers from touching his daughter. Officer Williams then began to use excessive force on Plaintiff Noverlene Goss, beating her with the baton and also forcing her to the ground.

14.  Several other police officers arrived and also withdrew their batons and used excessive force on all Plaintiffs. Plaintiff Roger Ruder was forced to the ground by at least six police officers.  Moreover, Minor Plaintiff E.R. witnessed her parents, Plaintiffs Roger Rudder and Rosena Rudder, aunt, Plaintiff Noverlene Goss, and cousin, Minor Plaintiff D.G., being excessively restrained by several police officers.

15.  Several other patrons of the parade witnessed and even filmed the incident.  As the patrons watched the incident, they exclaimed to the officers involved that Plaintiffs did nothing to provoke such treatment.

16.  The adult Plaintiffs were subsequently arrested and later taken to George Washington Hospital.

## COUNT I - FALSE ARREST
### Defendant Officer Williams
### Defendant Officer Chatman

17.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 16 into this count as if fully set forth herein.

18.   Defendant Officers Williams and Chatman, while acting under color of state law, unlawfully and without probable cause, placed Plaintiffs under arrest and detained them.  The actions of the Defendants were motivated by ill will, hatred, evil intent, and were otherwise malicious.

19.   As a direct and proximate result of the false arrest, Plaintiffs has suffered emotional and physical injuries, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiffs demands as follows:

a.   Judgment against Defendant Officers Williams and Chatman for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendant Officers Williams and Chatman for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendant Officers for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT II - FALSE IMPRISONMENT
### Defendant Officer Williams
### Defendant Officer Chatman

20.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 into this count as if fully set forth herein.

21.   Defendant Officers Williams and Chatman, while acting under color of state law, unlawfully and without legal justification, deprived Plaintiffs of their liberty against their will by use of threats and force when they detained and incarcerated them.  The actions of the Defendants were motivated by ill will, hatred, evil intent, and were otherwise malicious. Defendants were not acting under authority of law when detaining Plaintiffs.

22.   As a direct and proximate result of the false imprisonment, Plaintiffs has suffered emotional and physical injuries, humiliation, mental anguish and loss of self-esteem.

WHEREFORE, Plaintiffs demands as follows:

a.   Judgment against Defendant Officers Williams and Chatman for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendant Officers Williams and Chatman for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendant Officers for reasonable

attorneys fees, costs and such further relief as this Court deems proper.

## COUNT III – ASSAULT & BATTERY
### Defendant Officer Williams
### Defendant Officer Chatman

23.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22 into this count as if fully set forth herein.

24.  While operating in the scope of their employment, Defendant Officers Williams and Chatman caused Plaintiffs to feel fear and apprehension of an unlawful and unjustified touching. Furthermore, Defendant Officers Williams and Chatman actually caused an unjustified and unlawful touching of Plaintiffs when they beat Plaintiffs with their batons and forced Plaintiffs to the ground.  The actions of said Defendant Officers were motivated by ill will, hatred, evil intent, and were otherwise malicious.

25.  As a direct and proximate result of the Defendant Officers actions, Plaintiffs suffered physical and emotional injuries, including embarrassment, humiliation, and mental anguish.

WHEREFORE, Plaintiffs demand as follows:

a.  Judgment against Defendant Officers Williams and Chatman for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.    Judgment against Defendant Officers Williams and Chatman for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.    Judgment against Defendant Officers for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendant Officer Williams
### Defendant Officer Chatman

26.    Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 22 into this count as if fully set forth.

27.    Defendant Officers Williams and Chatman intentionally caused severe emotional distress to Plaintiffs by way of the their extreme, reckless and outrageous conduct, including but not limited to the false arrest of Plaintiffs Rosena Rudder and Noverlene Goss, and the excessive use of force against all Plaintiffs.  The actions of the Defendant Officers were motivated by ill will, hatred, evil intent, and were otherwise malicious.

28.    As a direct and proximate result of the Defendant Officers extreme, reckless and outrageous conduct Plaintiffs have suffered and will continue to suffer, severe emotional distress, embarrassment, humiliation, and mental anguish.

WHEREFORE, Plaintiff demands as follows:

a.    Judgment against Defendant Officers Williams and

Chatman for compensatory damages in the amount of $10,000,000.00
(TEN MILLION DOLLARS);

b.    Judgment against Defendant Officers Williams and
Chatman for punitive damages in the amount of $10,000,000.00 (TEN
MILLION DOLLARS); and

c.    Judgment against Defendant Officers for reasonable
attorneys fees, costs and such further relief as this Court deems
proper.

### COUNT V – FALSE LIGHT/INVASION OF PRIVACY
#### Defendant Officer Williams
#### Defendant Officer Chatman

29.   Plaintiffs incorporate by reference herein the
allegations contained in paragraphs 1 through 28 into this
count as if fully set forth.

30.   Defendant Officers Williams and Chatman placed
Plaintiffs in a false light when they arrested and beat
Plaintiffs in front of the general public.

31.   The Defendant Officers treated Plaintiffs like
adult criminals and paraded Plaintiffs in front of the general
public in handcuffs despite the fact that the aforesaid
Defendants were fully aware that Plaintiffs had not committed any
crime.

32.   That people in the area where Plaintiffs were forced to
the ground, observed them being treated like adult criminals,
observed Plaintiffs being beaten and forced to the ground by

Defendant Officers Williams and Chatman, and observed Plaintiffs
being arrested.  The defendant Officers gave the public the false
impression that Plaintiff was a criminal and/or had committed a
crime.

33.  The actions of the Defendant Officers were motivated by
ill will, hatred, evil intent, and were otherwise malicious.

34.  As a direct and proximate result of the Defendant
Officers excessive display of brutality of Plaintiffs, Plaintiffs
incurred, and will continue to incur legal fees, emotional
distress, embarrassment, humiliation and loss of self-esteem.

WHEREFORE, Plaintiffs demands as follows:

a.   Judgment against Defendant Officers Williams and
Chatman for compensatory damages in the amount of $10,000,000.00
(TEN MILLION DOLLARS);

b.   Judgment against Defendant Officers Williams and
Chatman for punitive damages in the amount of $10,000,000.00 (TEN
MILLION DOLLARS); and

c.   Judgment against Defendant Officers for reasonable
attorneys fees, costs and such further relief as this Court deems
proper.

### COUNT VI - CIVIL RIGHTS VIOLATIONS
#### Defendant Officer Williams
#### Defendant Officer Chatman
#### Defendant District of Columbia

35.  Plaintiff incorporates by reference herein the
allegations contained in paragraphs 1 through 34 into this

count as if fully set forth.

36.  The Defendant Officers actions deprived Plaintiffs of rights, privileges, and immunities under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia.

37.  As a direct and proximate result of the Defendant Officers' actions, Plaintiffs suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all which may be permanent.

38.  Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to adequately train or otherwise direct its agents and/or employees concerning the fundamental rights of citizens.  Defendant District of Columbia's policy, practice, or custom of deliberate indifference to discipline and training caused Defendant Officers Williams and Chatman, in this case, to engage in the unlawful conduct described herein.

39.  Defendant District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline its agents and/or employees, including Defendant Officers Williams and Chatman, for violations of the constitutional rights of its citizens. Defendant District of Columbia's policy, practice, or custom of deliberate indifference to properly supervise, sanction, or

discipline its agents and/or employees caused Defendant Officers
Williams and Chatman to engage in the actions described herein.

40.  Defendant District of Columbia, as a matter of policy,
practice, and custom, with deliberate indifference failed to
supervise, sanction, or discipline police officers.  Defendant
District of Columbia's policy, practice, or custom of deliberate
indifference to supervise, sanction, or discipline police
officers who are aware of and subsequently conceal violations of
the constitutional rights of citizens by other police officers
caused and encouraged Defendant police officers in this case, to
engage in the unlawful actions described.

41.  Defendant District of Columbia acquiesced to the
unconstitutional conduct of its agents and/or employees by its
deliberate indifference to inadequate procedures for handling
complaints against its agents and/or employees, including
inadequate internal affairs and citizen complaint procedures.
Defendant District of Columbia's acquiescence, by deliberate
indifference to inadequate complaint procedures, caused and
encouraged its agents and/or employees, including Defendant
Officers Williams and Chatman, to engage in the unlawful actions
described herein.

42.  The actions and omissions of Defendants Officers
Williams and Chatman deprived Plaintiffs of their rights,
privileges, and immunities secured to them under the Constitution

and laws of the United States, including but not limited to the right: a) to be secure in their person and property; b) to be free from the excessive use force; c) to be free from assault and battery; d) to be free from malicious prosecution; e) to due process of law.

43.   Defendant Officers Williams and Chatman, by their actions described herein, deprived Plaintiffs of the rights secured to them under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs demands as follows:

a.   Judgment against Defendant Officers Williams and Chatman for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendant Officers Williams and Chatman for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendant Officers for reasonable attorneys fees, costs and such further relief as this Court deems proper.

## COUNT VII – RESPONDEAT SUPERIOR / VICARIOUS LIABILITY
### Defendant District of Columbia

44.   Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 43 into this count as if fully set forth.

45.  At all times relevant hereto, Defendant Officers Williams and Chatman were employed by the District of Columbia as police officers.

46.  The Defendant Officers actions hereinbefore described were committed within the scope of their employment with Defendant District of Columbia, in that they committed said acts while on duty, in their place of employment and in furtherance of Defendant District of Columbia's interests.

47.  Furthermore, Defendant District of Columbia is sued as a person or entity responsible for its authorization, condonation, and ratification thereof of the acts of its agents, servants, and/or employees.

WHEREFORE, Plaintiffs demand as follows:

a.   Judgment against Defendant District of Columbia for compensatory damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS);

b.   Judgment against Defendant District of Columbia for punitive damages in the amount of $10,000,000.00 (TEN MILLION DOLLARS); and

c.   Judgment against Defendant District of Columbia for reasonable attorneys fees, costs and such further relief as this Court deems proper.

Respectfully submitted,

ODELUGO & JOHNSON, LLC

Anitha Johnson, #16725
6525 Belcrest Road, Suite 612
Hyattsville, Maryland 20782
Phone: (301) 832-3020
Fax: (301) 832-3029
Email: anitha.johnson@odelugo.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues set forth herein.

Respectfully submitted,

ODELUGO & JOHNSON, LLC

Anitha Johnson, #495672
6525 Belcrest Road, Suite 612
Hyattsville, Maryland 20782
Phone: (301) 832-3020
Fax: (301) 832-3029
Email: anitha.johnson@odelugo.com
*Counsel for Plaintiffs*

S:\RUDDER, Roger\Complaint.wpd