UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER RUDDER *et al.*,           )
                                  )
       Plaintiffs,          )
                                  )
v.                                )
                                  ) Civil Case No. 09-2174 (RJL)
OFFICER SHANNON WILLIAMS *et*     )
*al.*,                            )
                                  )
       Defendants.          )

MEMORANDUM ORDER
(June 22, 2010) [#3, #4-1]

Roger Rudder, Rosena Rudder, Minor Child E.R., Noverlene Goss, and Minor Child D.G. (collectively, the "plaintiffs") bring this action against Shannon Williams ("Williams"), William Chatman ("Chatman"), and the District of Columbia (collectively, the "defendants"), alleging numerous constitutional and common law violations. Before the Court are Williams's Motion for Partial Dismissal and Chatman and the District of Columbia's Motion for Partial Dismissal. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendants' motions are both GRANTED.

On June 28, 2008, the plaintiffs attended the Carribean Carnival Parade and noticed that some of their relatives were participating in the parade. Compl. ¶¶ 10-11. The plaintiffs went up to their relatives and embraced them. *Id.* ¶ 11. As the plaintiffs attempted to return to the sidewalk, Chatman, a police officer employed by the District of Columbia Metropolitan Police Department ("MPD"), ordered them to return to the

sidewalk. *Id.* ¶¶ 3, 11. Plaintiffs allege that after they willingly complied and returned to the sidewalk, Chatman and Williams, another MPD police officer, assaulted and battered all of the plaintiffs and falsely arrested the three adult plaintiffs. *Id.* ¶¶ 2, 12-16.

On November 16, 2009, plaintiffs filed their complaint. They brought civil rights claims against Williams and Chatman, alleging that the conduct of the officers amounted to a violation of their Fourth, Fifth, and Fourteenth Amendments. Compl. ¶ 36. Plaintiffs also assert several constitutional claims against the District of Columbia, alleging that the District maintained an unconstitutional custom and policy of inadequately training their police officers, inadequately supervising them, and inadequately dealing with complaints against them. *Id.* ¶¶ 38-41. In addition, plaintiffs have brought multiple common law claims against the defendants. *Id.* ¶¶ 17-34.

Defendants have moved to dismiss the respective counts against them pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss shall be granted if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 120 S. Ct. 1937, 1950 (2009) (stating that if a court has determined that a plaintiff has asserted "well-pleaded factual allegations," the court "should assume their veracity and then determine whether they

2

plausibly give rise to an entitlement to relief").

Here, the plaintiffs have conceded that all of their common law claims are barred by a one-year statute of limitations. Pls.' Opp'n 5.[1] Thus, Counts I-V are dismissed. Plaintiffs also concede that they do not have Fifth or Fourteenth Amendment claims against the defendants, *id.* at 3, so those claims in Count VI are dismissed as well. Plaintiffs do, however, assert that they have valid constitutional claims remaining against the District of Columbia under Counts VI and VII. *Id.* at 3-5. I disagree.

The plaintiffs' claim in Count VII under the theory of *respondeat superior* or vicarious liability must be dismissed. Because plaintiffs have conceded that the common law claims should be dismissed, the only remaining claim against the District of Columbia is a civil rights claim pursuant to 42 U.S.C. § 1983. Unfortunately for the plaintiffs, the theory of *respondeat superior* is inapplicable to a civil rights claim under Section 1983. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 691 (D.C. Cir. 2009).

Finally, plaintiffs' remaining allegations in Count VI merely recite the elements of municipal liability under Section 1983, alleging, for instance, that the "District of Columbia, as a matter of policy, practice, and custom, has with deliberate indifference failed to properly supervise, sanction, or discipline its agents and/or employees . . . for violations of the constitutional rights of its citizen." Compl. ¶ 39. Such labels and

---

[1] The plaintiffs' Opposition did not include page numbers, so the Court refers to the page numbers that the ECF system placed in the header of the document.

conclusions, absent any factual allegations in support, are insufficient to survive a motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 555, 557). The factual allegations in the complaint concern the individual officers only. Plaintiffs have utterly failed to allege *any* fact as to the District's custom or policy that could form the basis of liability under Section 1983. Accordingly, the remainder of Count VI is dismissed in its entirety.

For all of the foregoing reasons, it is hereby

**ORDERED** that Williams's Motion for Partial Dismissal [#3] is **GRANTED**; and it is further

**ORDERED** that Chatman and the District of Columbia's Motion for Partial Dismissal [#4-1] is **GRANTED**; and it is further

**ORDERED** that the above-captioned case be **DISMISSED** with prejudice.

**SO ORDERED.**

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge