**FILED**

JUN 1 0 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| ROGER RUDDER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 09-cv-2174 (RJL) |
| | ) |
| SHANNON WILLIAMS, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(June 6, 2014) [Dkt. #41]

Plaintiffs Roger Rudder, Rosena Rudder, Noverlene Goss, E.R. (a minor), and

D.G. (a minor at the time the initial Complaint was filed) bring this action against, Master

Patrol Officer Shannon Williams ("MPO Williams"), Officer William Chatman, and the

District of Columbia, alleging claims of assault and battery, intentional infliction of

emotional distress, and unreasonable seizure.   Corrected Am. Compl. [Dkt. # 36].

Defendant MPO Williams moves for partial dismissal under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  Mot. for

Partial Dismissal of Master Patrol Officer Shannon Williams 1 [Dkt. #41].  Specifically,

MPO Williams moves to dismiss D.G.'s intentional tort claims (Counts I and II) and the

adult plaintiffs' Section 1983 unreasonable seizure claims (Count III) against her as

---

[1] MPO Williams also names Federal Rule of Civil Procedure 12(b)(5) (improper service) and/or Rule 56 (summary judgment) as potentially bases for disposing of the claims at issue.  I grant her request for partial dismissal, however, pursuant to Rule 12(b)(6). Mot. for Partial Dismissal of MPO Williams 1.

barred by the applicable statutes of limitations. *Id.* at 2. For the reasons described herein, MPO Williams's motion for partial dismissal is GRANTED.

## BACKGROUND

This case arises out of an alleged incident at Washington, D.C.'s Annual Caribbean Carnival Parade in June 2008. Corrected Am. Compl. ¶6. Plaintiffs allege that Master Patrol Officer Shannon Williams and Officer W. Chatman used unnecessary force, including baton strikes, while they were returning to the sidewalk after greeting relatives participating in the parade. *Id.* ¶¶7-12.

The initial Complaint in this matter was filed on November 16, 2009. Compl. [Dkt. #1]. It named MPO Williams, Officer Chatman, and the District of Columbia as defendants and alleged multiple claims arising under the United States Constitution and District of Columbia laws. *Id.* MPO Williams filed a partial motion to dismiss on January 11, 2010. Def. Shannon Williams' Mot. for Partial Dismissal [Dkt. #3]. Officer Chapman and the District of Columbia also filed a motion to dismiss on January 11, 2010, but did so in a separate document because they had to request an extension of time. Consent Mot. for Extension of Time [Dkt. #4]; Defs.' Mot. for Partial Dismissal [Dkt. #4-1]. On March 16, 2010, attorneys for defendants filed a praecipe indicating that MPO Williams had *not* been served with the Complaint, so the partial motion to dismiss filed on January 11, 2010 was filed on behalf of Officer Chatman and the District of Columbia only, not on behalf of MPO Williams. Praecipe [Dkt. #8]. This court dismissed the complaint with prejudice and did not address the issue of Williams's lack of service,

2

which had not been raised in a separate motion to dismiss. Mem. Order [Dkt. #10]. Plaintiffs appealed.

On January 17, 2012, our Court of Appeals reversed in part and remanded with respect to all plaintiffs' claims against the officers under the Fourth Amendment, as well as the minors' common law claims, the latter of which it held should have been dismissed without prejudice. *Rudder v. Williams*, 666 F.3d 790, 796 (D.C. Cir. 2012). The Circuit Court did not address MPO Williams's argument, however, that she had not been served, because she had not filed a motion to dismiss on those grounds in this court. *Id.* at 793.

On August 21, 2013, plaintiffs filed a Corrected Amended Complaint against Officers Williams and Chatman and the District of Columbia which is now before this court. Corrected Am. Compl. Three counts remain: (I) D.G. and E.R.'s claims of assault and battery, *id.* ¶¶13-16; (II) D.G. and E.R.'s claims intentional infliction of emotional distress, *id.* ¶¶17-19; and (III) violation of all plaintiffs' Fourth Amendment rights, brought pursuant to 42 U.S.C. § 1983, *id.* ¶¶20-23. The Corrected Amended Complaint was served on MPO Williams on or about October 11, 2013. Decl. of Master Patrol Officer Shannon Williams [Dkt. #41-1].

MPO Williams now moves to dismiss certain claims of the Corrected Amended Complaint on the grounds that plaintiffs failed to serve her within the applicable statutes of limitations. Mot. for Partial Dismissal of MPO Williams 2. Specifically, MPO Williams moves to dismiss D.G.'s intentional tort claims (Counts I and II) and the adult plaintiffs' Section 1983 Fourth Amendment claims (Count III) against her. *Id.*

## LEGAL STANDARD

Defendants may raise a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). Because statue of limitations defenses often are based on contested facts, the court should be cautious in granting a motion to dismiss on such grounds; "dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). For the purposes of a motion to dismiss under Rule 12(b)(6), the court takes all facts alleged in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## ANALYSIS

MPO Williams argues that she was not served in this action until she received the Corrected Amended Complaint in October 2013, over five years after the events underlying the action took place. Mot. for Partial Dismissal of MPO Williams 2. MPO Williams contends that because the three-year statute of limitations for adult plaintiffs' § 1983 claims began running in June 2008, those claims are barred. *Id.*; *Steinberg v. District of Columbia*, 901 F. Supp. 2d 63, 69 (D.D.C. 2012). MPO Williams also contends that D.G. reached the age of eighteen in December 2010, at which point the statute of limitations began running as to her claims as well. Mot. for Partial Dismissal of MPO Williams 2; D.C. Code § 12-302(a)). MPO Williams seeks to dismiss D.G.'s

intentional tort claims as barred by a one year statute of limitations.[2] Mot. for Partial

Dismissal of MPO Williams 2; D.C. Code § 12-301(4) (assault and battery); *Zhi Chen v.*

*Monk*, 701 F. Supp. 2d 32, 37 (D.D.C. 2010) (intentional infliction of emotional distress

intertwined with battery claim).

MPO Williams essentially takes the position that the initial Complaint is irrelevant

as to her and that she was made a party to the case for the first time upon service of the

Corrected Amended Complaint. Mot. for Partial Dismissal of MPO Williams. Plaintiffs

do not contest MPO Williams's declaration that she was never served the initial

Complaint and was served the Corrected Amended Complaint on or around October 11,

2013. Pls.' Mem. in Opp'n to Mot. for Partial Dismissal [Dkt. #42]. Nor do plaintiffs

contest the applicable statutes of limitations. *Id.* However, plaintiffs contend that filing

the initial Complaint, which named MPO Williams in the caption, commenced the

litigation against her and tolled the applicable statutes of limitations. *Id.* I disagree.

Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a

complaint with the court." Fed. R. Civ. P. 3. Plaintiffs rely heavily on statements made

by the United States Supreme Court and our Court of Appeals to support their position

that filing a complaint alone is sufficient for statute of limitations purposes. Pls'. Mem.

in Opp'n to Mot. for Partial Dismissal; *see, e.g.*, *Henderson v. United States*, 517 U.S.

654, 657 n.2 (1996) ("In a suit on a right created by federal law, filing a complaint

suffices to satisfy the statute of limitations."); Pls.' Mem. in Opp'n to Mot. for Partial

---

[2] MPO Williams does not move to dismiss E.R.'s claims as time-barred, as E.R. is still a minor, or D.G.'s § 1983 claim as time barred, as the Corrected Amended Complaint was filed within three years after D.G. turned eighteen. Mot. for Partial Dismissal of MPO Williams 2.

Dismissal. While it is true that federal and District of Columbia law do not require service to be effected within the statute of limitations period, *see Iran Air v. Kugelman*, 996 F.2d 1253, 1257 (D.C. Cir. 1993) (holding that the charge was timely when filed within the statute of limitations period, even though served after the period); *Varela v. Hi-Lo Powered Stirrups*, 424 A.2d 61, 70 (D.C. 1980) (en banc) ("Super.Ct.Civ.R. 3 requires only the filing of a complaint to commence an action and thereby toll the statute of limitations."), it is Rule 4 of the Federal Rules of Civil Procedure, however, which governs service. Fed. R. Civ. P. 4; *see, e.g., Henderson*, 517 U.S. at 672 (holding that Rule 4 displaced service provision in the Admiralty Act).

Rule 4(m) provides, in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[3] Fed. R. Civ. P. 4. The court cannot assert jurisdiction over a defendant "unless the procedural requirements of effective service of process are satisfied." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002).

Although the initial Complaint was never officially dismissed as to MPO Williams, the other defendants' attorneys made clear that she had not been served, did not waive service, and was not participating in the response to the initial Complaint. Praecipe; Reply to Pls.' Resp. to Mot. for Partial Dismissal 1 n.1 [Dkt. #9]. Indeed,

---

[3] The rule directs a court to extend service time for an appropriate period if the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4. Plaintiffs have not made any good cause arguments to this court, in response to this motion or in any previous filing.

plaintiffs offer no evidence of an effort to serve the initial Complaint even after learning of this deficiency, nor do they offer a reason for this failure.

If plaintiffs had tried to proceed on the initial Complaint by belatedly serving MPO Williams, she could have brought a motion to dismiss pursuant to Rule 12(b)(5) for improper service and the court would have had grounds to grant it, absent a showing of good cause for failure to timely serve. However, a Rule 12(b)(5) motion technically is not appropriate as to the Corrected Amended Complaint, because it *was* served within 120 days of its filing. Plaintiffs seek to avoid a Rule 12(b)(5) motion by serving an amended complaint within the appropriate Rule 4(m) time frame, but at the same time argue the unserved complaint tolled the statute of limitations so as to prevent dismissal on those grounds. They cannot have it both ways.

The cases plaintiffs cite in support of their position involve situations where a complaint was filed within the statute of limitations period and served after the limitations period would have run, but within the time period allowed (either by statute or the court) for service. *See, e.g.*, *Henderson*, 517 U.S. at 672; *West v. Conrail*, 481 U.S. 35, 36 (1987); *Kugelman*, 996 F.2d at 1257; *Hobson v. Wilson*, 737 F.2d 1, 44-45 (D.C. Cir. 1984) (proper service not effected for a number of years after the complaint was filed, but district court allowed the delayed service); *Varela*, 424 A.2d at 62. They do not, however, address MPO Williams's situation, where the complaint plaintiffs claim tolled the statute of limitations was *never* served on the defendant, and an amended complaint was later filed and served.

Plaintiff's desired outcome would require that the statute of limitations be tolled indefinitely when a complaint is filed, even if service is not made. Thus, plaintiffs could file an initial complaint, never even attempt to serve it or provide the prospective defendants any notice, and at any later time file an amended complaint that is served within 120 days. To say the least, such a construction would defeat the purpose of statutes of limitations. "Statutes of limitations . . . represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick*, 444 U.S. 111, 117 (1979) (internal quotation marks omitted). Even if MPO Williams had notice of this particular lawsuit when it was filed, which she does not admit, it cannot be—and is not—the rule that a never-served complaint tolls a statute of limitations beyond the time allotted by Rule 4(m) for service.

As Judge Sprizzo of the Southern District of New York explained, "if a plaintiff fails to effect service during the 120 days allotted by Rule 4(m), then the statute of limitations for the underlying claim again becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint." *Ocasio v. Fashion Inst. of Tech.* 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000). That is precisely what happened here. Therefore, the statute of limitations was not tolled by the filing of the initial Complaint,[4] and instead ran from the incident date (June 2008, Corrected Am. Compl.

---

[4] Plaintiffs do not argue that the Corrected Amended Complaint relates back to the initial complaint. *See* Pls.' Mem. in Opp'n to Mot. for Partial Dismissal. Even if they had, the amended complaint does not

¶6) for the adult plaintiffs and from D.G.'s eighteenth birthday (December 2010, Mot. for Partial Dismissal 2; Corrected Am. Compl. ¶9 (D.G. was 15 in June 2008)) for D.G.'s claims. Plaintiffs served the Corrected Amended Complaint on MPO Williams in October 2013, over three years after the incident date and over one year after D.G. reached majority. These facts are not disputed. Therefore, D.G.'s intentional tort claims (Counts I and II) and the adult plaintiffs' Section 1983 Fourth Amendment claims (Count III) are time-barred.

## CONCLUSION

Thus, for the foregoing reasons, defendant MPO Shannon Williams's Motion for Partial Dismissal [Dkt. # 41] is GRANTED. Claims I and II against MPO Williams are DISMISSED as to plaintiff D.G., and Claim III against MPO Williams is DISMISSED as to plaintiffs Roger Rudder, Rosena Rudder, and Noverlene Goss. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

relate back because plaintiffs do not meet all the requirements of Rule 15(c)(1)(C), as there was no mistake concerning her identity. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).