**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROGER RUDDER, *et al*.,

Plaintiffs,

v.

SHANNON WILLIAMS, *et al*.,

Defendants.

Civil Action No. 09-cv-2174 (RJL)

# DEFENDANTS' AMENDED PRETRIAL STATEMENT

Defendants, by and through their undersigned, hereby submit this Pretrial Statement.

## A. PARTIES AND COUNSEL:

| **Plaintiff** | **Attorney** |
| --- | --- |
| Roger Rudder<br>Rosena Rudder<br>Noverlene Goss<br>Diamin Goss<br>E.R. | Gregory L. Lattimer, Esquire<br>1200 G Street, N.W.<br>Suite 800<br>Washington, DC 20005<br>(202) 434-4513 (Tel)<br>(202) 638-0091 (Fax)<br>Lattlaw@aol.com |
| **Defendants** | **Attorneys** |
| The District of Columbia<br><br><br>Officer William Chatman<br>Officer Shannon Williams | Joseph Gonzalez, Esq.<br>Alicia Cullen, Esq.<br>Assistant Attorneys General<br>Civil Litigation Division III<br>Office of the Attorney General for the District of Columbia<br>Washington, DC 20001 |

## B. NATURE OF THE CASE

This matter arises out of the June 28, 2008, Caribbean Parade on Georgia Avenue. Plaintiffs allege that after Officer Chatman asked the Plaintiffs to move from the street to the sidewalk and that Officer Williams came to assist. Plaintiffs further allege that once Officer Williams came to assist a physical scuffle occurred, and that during the scuffle the Officers used excessive force. The Defendant Officers dispute Plaintiff's allegations, and claim that one of the Plaintiffs struck Officer Williams and thereupon other members of the family became physically aggressive.

**C. CLAIMS AND/OR DEFENSES:**

**Defendants Defenses:**

**1.** At all times relevant herein, the District of Columbia, its employees, agents and servants, including the Defendant officers acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**2.** The Plaintiffs' claims against defendants are barred by the doctrine of qualified immunity. Defendants acted in good faith and therefore are immune from liability.

**3.** Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**4.** If Plaintiffs were injured or damaged as alleged in the Complaint, said injuries may have resulted from plaintiffs' own willful conduct.

**5.** If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of Plaintiffs' own sole or contributory negligence and/or Plaintiffs' assumption of the risk.

**6.** Plaintiffs are not entitled to punitive damages.

**7.** Plaintiffs may have failed to mitigate their damages

**8.** Plaintiffs may have failed to comply with the statute of limitations or the claims may be barred by laches.

**9.** Defendants deny Plaintiffs' version of the events.

**10.** Defendants assert set-off for all funds and services provided to Plaintiffs through Medicare, Medicaid, public assistance, insurance, or other sources. Defendants assert a set-off for any child support that plaintiff may owe.

**11.** Defendants will rely on all defenses lawfully available to them, including, but not limited to, those already asserted herein.

**12.** The Defendants actions were privileged.

**13.** Plaintiffs claim(s) fail to satisfy the elements of excessive force and assault and battery.

**D. <u>UNDISPUTED ISSUES/STIPULATIONS</u>**

At all times relevant to this matter, Defendant Officers were duly appointed District of Columbia Metropolitan Police Department Officers.

**E. <u>DISPUTED ISSUES</u>**

**<u>Defendants Issues</u>**

1. Defendants dispute liability and damages

**F. REQUESTED STIPULATIONS**

**Defendants**

None.

**G. RELIEF SOUGHT**

**Defendants:**

The Defendants seek judgment in their favor and an award of the reasonable attorney's fees and costs incurred in defending this case.

The District seeks the reimbursement of any and all public funds expended including Medicaid and Medicare.

**H. CITATIONS**

**Defendants**

Defendants reserve the right to bring this Court's attention any citations which may be applicable to the facts in this matter.

**I. PENDING MOTIONS**

**Defendants**

Sections I and II of the Defendants Motion in Limine (ECF No. 66) are still pending.

**J. WITNESSES:**

**Defendants Witnesses**

Defendants: Defendants reserve their rights to raise any available objections to witness testimony offered by Plaintiff at the appropriate time.

1) Officer William Chatman
Metropolitan Police Department
2455 Alabama Avenue, S.E.

Washington, DC 20020 Phone: (202) 698-1500

Officer Chatman will testify as to the arrest of the Plaintiffs made on June 28, 2008, and about what he observed on the date of the incident. Direct testimony is expected to last an hour.

2) Officer Shannon Williams
Metropolitan Police Department
2455 Alabama Avenue, S.E.
Washington, DC 20020 Phone: (202) 698-1500

Officer Williams will testify as to the arrest of the Plaintiffs made on June 28, 2008, and about what she observed on the date of the incident. Direct testimony is expected to last an hour.

3) Sergeant Mark Hodge
Metropolitan Police Department
2455 Alabama Avenue, S.E.
Washington, DC 20020 Phone: (202) 698-1500

Sergeant Hodge will testify as to the arrest of the Plaintiffs made on June 28, 2008, and about what he observed on the date of the incident. Direct testimony is expected to last an hour and a half.

The Defendants reserve the right to call any of Plaintiff's witnesses, if not objected to, or permitted to testify over objection.

**K. <u>EXHIBITS</u>**

**<u>Defendants Exhibits</u>**

1. Select injury photographs
2. The Defendants reserve the right to use any of Plaintiff's exhibits, if not objected to, or admitted over objection.

**L. <u>DEPOSITION USE/PREVIOUS TRIAL TESTIMONY</u>**

**<u>Defendants</u>**

The Defendants may rely on Plaintiff's deposition for impeachment evidence, or for other uses consistent with the statements of a party-opponent exception to hearsay.

**M. <u>DEMONSTRATIVE OR PHYSICAL EVIDENCE</u>**

**<u>Defendants</u>**

None.

**N. <u>VIDEOTAPES:</u>**

**<u>Defendants</u>**

None.

**O. <u>PROPOSED VOIR DIRE QUESTIONS:</u>**

**<u>Defendants Proposed Voir Dire</u>**

1. Do you know, either socially or otherwise, plaintiffs Roger Rudder, Rosena Rudder, Norverlene Goss, Diamin Goss, and E.R.? If so, please explain.

2. Do you know, either socially or otherwise, plaintiff's Attorney Gregory L. Lattimer, or has any member worked for or been a client of Attorney Gregory L. Lattimer Green or the law firm of Gregory L. Lattimer, Esq.? If so, please explain.

3. Do you know, either socially or otherwise, defendants' attorney, Assistant Attorneys General Joseph Gonzalez or Alicia Cullen? If so, please explain.

4. Do you know, either socially or otherwise, defendants Officers Chatman, Williams, and Hodge? If so, please explain.

5. Have you or a member of your family or a close friend ever worked for the District of Columbia government including the Metropolitan Police Department or any other federal or state law enforcement agency? If so, would that experience make it difficult for you to render a fair and impartial decision in this case?

6. Have you, members of your family, or a close friend ever had any negative experience with any employee or agency of the District of Columbia, including the Metropolitan Police Department, which would make it easier or more difficult for you to fairly judge the facts of this case because one of the defendants in this case is a police officer?

7. Have you had positive or negative experiences with and/or attitudes or feelings toward the District of Columbia government, in general, and the Metropolitan Police Department, in particular, such that you would not be able to render a fair and impartial verdict, based solely on the facts on this case and the law as instructed to you by the Court?

8. Have you, a member of your family, or close friend ever complained about being the victim of excessive force by a police officer? As a result of that experience, have you formed any concepts, notions or impressions that would tend to make you favor the plaintiff or the defendant?

9. Have you or a member of your family or a close friend ever been arrested for a crime that involved an assault or physical violence?

10. Have you or a member of your family or a close friend ever brought a civil rights claim against a police officer?

11. Have you or a member of your family or a close friend ever witnessed a police officer engage in questionable conduct of any kind?

12. Will the fact that this case involves allegations of police misconduct cause you to believe, more or less, the testimony of a person who is not in law enforcement over the testimony of a police officer?

13. Do you have any knowledge of this case or any of the incidents alleged by the Plaintiffs?

14. Have you previously served on a jury? If so, what was the outcome of the case? Would that experience make it difficult for you to render a fair and impartial decision in this case?

15. Do you feel that where the District of Columbia, including a police officer, is sued by someone, you would be more likely to treat the defendant differently?

16. Do you have any beliefs, opinions, or suspicions which would prevent you from following instructions of the court on the law even though you disagree with those instructions?

17. Our legal system provides that in this type of case, the jury is to base its verdict solely on the evidence presented in the trial and not on sympathy for any party's age, physical condition, or financial ability. Do you think that you will be unable to follow the law in determining a fair and impartial verdict?

18. Do you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you, and without regard to passion, prejudice, or sympathy?

19. Ladies and gentlemen, is there anything you have heard so far or is there any other reason at all why you would feel uncomfortable sitting on this case or why you would prefer to be excused?

20. Is there any reason why you could not sit as a juror for three days?

**P. JURY INSTRUCTIONS**

**Defendants' Standard Blue Book Jury Instructions**

1-1 Function of the court
1-2 Function of the jury
1-3 Significance of party designations
1-4 Juror's duty to deliberate

1-5 Attitude and conduct of jurors

1-6 Instructions to be considered as a whole

1-7 Court's commenting on evidence

1-8 Court's questions to witnesses

1-9 Jury not to take cue from judge

1-10Rulings on objections

1-11 Equality of litigants—corporations

1-12 Equality of litigants - Individuals

2-1 Evidence in the case

2-3 Inferences

2-4 Inadmissible and stricken evidence

2-5 Statements of counsel

2-6 Jury's recollection of controls

2-8 Burden of proof

2-9 Evidence produced by adversary

2-10 Direct and circumstantial evidence

3-1 Jury to determine credibility of witnesses

3-2 Number witnesses

3-5 Depositions as Evidence

3-8 Impeachment by prior inconsistent statements

4-1 Multiple plaintiffs

4-3 Multiple defendants

5-12 Proximate Cause

6-3 Agency or scope of employment conceded

12-1 Damages-Jury to Award

12-2 Extent of damages—proximate cause

12-3 Burden of Proof – Speculative Damages

13-1 Damages—Elements

16-1 Punitive Damages

16-3 Computation of Punitive Damages

18-5 Use of Force in Making an Arrest- Resistance Prohibited

19-5 Assault and/or Battery- Excessive Force in Doing Lawful Act

19-6 Assault and Battery- Affirmative Defense

**S. Non-Standard Jury Instructions Requested:**

**Defendants**

See attached. Additionally, the Defendants reserve the right to amend/ add non-standard jury instructions at the close of evidence.

**T. Verdict Form**

Defendants' verdict form is attached hereto.

**U. Settlement:**

The parties have been unable to reach a settlement.

**V. Estimated Length of Trial:**

**Defendants**

3 days

**W. Other Issues**

**Defendants**

1) **Time Limit on Opening/ Closing Statements**

The Defendants request time limits on open and closing statements. Plaintiffs' rebuttal during closing statement should not be longer than the Defendants' closing argument.

2) **Damages Evidence**

Based on Plaintiff's identification of medical records as potential exhibits in this matter, it appears that Plaintiff may attempt to admit expert testimony. However, Plaintiff did not file a

Rule 26(a)(2)(C) statement with respect to medical expertise. Accordingly, any testimony or testimony regarding medical treatment should be precluded. *See Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 69 (D.D.C. 2014) ("a treating physician who testifies as to her diagnosis and treatment of the patient is still giving expert testimony" and thus must be disclosed as an expert witness); *see Iacangelo v. Georgetown Univ.*, 272 F.R.D. 233, 233-34 (D.D.C. 2011) (disclosure of expert opinions "prevents experts from lying in wait to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony").

3) **Qualified Immunity**

Given the dispute of fact in this case, the Defendants need the jury to decide the factual disputes in order to make the motion for qualified immunity. Thus, the Defendants will likely seek to submit special factual interrogatories to the jury. Once the jury makes the factual findings, the Defendants will make the motion for qualified immunity to the Court. *See Pitt v. Dist. Of Columbia*, 491 F.3d 494, 509-10 (D.C. Cir. 2007) ("whether a right is 'clearly established'— that is, whether an objectively reasonable officer would have believed his conduct to be lawful, in light of clearly established law-is a question of law that must be resolved by the court").

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ROGER RUDDER, *et al.*,

Plaintiffs,

v.

SHANNON WILLIAMS, *et al.*,

Defendants.

Civil Action No. 09-cv-2174 (RJL)

**DEFENDANTS' PROPOSED VERDICT FORM**

The jury must unanimously agree on the answers to all of the questions.

**Roger Rudder**

1. Do you find by a preponderance of the evidence that William Chatman is liable to Roger Rudder for any of the following claims?

Excessive force Yes _____ No _____

If you answered "No" to all of these questions, go to the next set of questions. If you answered "Yes" to any, go to question 2.

2. What damages, if any, has this plaintiff proved by a preponderance of the evidence, and how much do you award against the defendants against whom you found liability?

$ ____________

**Rosena Rudder**

1. Do you find by a preponderance of the evidence that William Chatman is liable to Rosena Rudder for any of the following claims?

Excessive force Yes _____ No _____

If you answered "No" to all of these questions, go to the next set of questions. If you answered "Yes" to any, go to question 2.

2. What damages, if any, has this plaintiff proved by a preponderance of the evidence, and how much do you award against the defendants against whom you found liability?

$ ____________

**Norverlene Goss**

1. Do you find by a preponderance of the evidence that William Chatman is liable to Norverlene Goss for any of the following claims?

Excessive force Yes _____ No _____

If you answered "No" to all of these questions, go to the next set of questions. If you answered "Yes" to any, go to question 2.

2. What damages, if any, has this plaintiff proved by a preponderance of the evidence, and how much do you award against the defendants against whom you found liability?

$ ____________

**Diamin Goss**

1. Do you find by a preponderance of the evidence that Shannon Williams is liable to Diamin Goss for any of the following claims?

Excessive force Yes _____ No _____

If you answered "No" to all of these questions, go to the next set of questions. If you answered "Yes" to any, go to question 2.

2. What damages, if any, has this plaintiff proved by a preponderance of the evidence, and how much do you award against the defendants against whom you found liability?

$ ____________

**E.R.**

1. Do you find by a preponderance of the evidence that Shannon Williams is liable to E.R. for any of the following claims?

Assault and battery Yes _____ No _____

Excessive force Yes _____ No _____

If you answered "No" to all of these questions, please have the foreman sign below. If you answered "Yes" to any, go to question 2.

2. What damages, if any, has this plaintiff proved by a preponderance of the evidence, and how much do you award against the defendants against whom you found liability?

$ ____________

____________
DATE

________________________
FOREPERSON

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROGER RUDDER, *et al*., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 09-cv-2174 (RJL) |
| SHANNON WILLIAMS, *et al.*, | ) |
| Defendants. | ) |

**Defendants' Non-Standard Jury Instruction No. 1**

**42 U.S.C. § 1983: Basic Elements**

Plaintiffs have brought this case under the Civil Rights Act, 42 United States Code § 1983. She seeks money damages against Defendant Officers Chatman and Williams.

To prevail in this case against an individual officer Plaintiffs must prove by a preponderance of the evidence: (1) that the officer was acting under color of state law, in this case the law of the District of Columbia; and (2) that the officer deprived Ms. Daniels of a constitutional right.

Here, the Defendants admit that the Defendant Officers were acting under color of law. Therefore, it will be your responsibility to determine whether any of the Defendant officers violated a Plaintiffs' constitutional right to be free from an unreasonable seizure. I will instruct you about that right in a moment.

42 U.S.C. § 1983.
*West v. Atkins*, 487 U.S. 42, 48 (1988).
*Gomez v. Toledo*, 446 U.S. 635 (1980).
*Monroe v. Pape*, 365 U.S. 167 (1961).

**Defendants' Non-Standard Jury Instruction No. 2**

**42 U.S.C. § 1983: Fourth Amendment Unreasonable Force**

The Plaintiffs claim that the defendant officers used unreasonable force during their arrest, violating plaintiff's civil rights under the Fourth Amendment of the United States Constitution.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested or stopped by the police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest. Every person has the constitutional right not to be subjected to unreasonable force while being arrested or stopped by the police, even where the arrest or stop is otherwise proper.

In this case, Plaintiffs claim that Officers Chatman and Williams used unreasonable force during her arrest. In order to establish that that Officers Chatman and Williams used unreasonable force, Plaintiffs must prove her case by a preponderance of the evidence.

In determining whether Officers Chatman and Williams's acts constituted unreasonable force, you must ask whether the amount of force that Officers Chatman and Williams used was the amount which a reasonable officer would have used in making the arrest under similar circumstances. You should consider all the relevant facts and circumstances leading up to the arrest that Officers Chatman and Williams reasonably believed to be true at the time of the arrest, as well as Plaintiff's conduct while she was arrested. You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.

The reasonableness of Officers Chatman and Williams's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes unreasonable force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation, in circumstances that are sometimes tense, uncertain, and rapidly evolving.

Plaintiffs must also prove that Officers Chatman and Williams intended to commit the acts in question; but apart from that requirement, that the Officers' actual motivation is irrelevant. If the force Officers Chatman and Williams used was unreasonable, it does not matter

whether Officers Chatman and Williams had good motivations. Conversely, an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

Thus, what matters is whether Officers Chatman and Williams's acts were objectively reasonable in light of the facts and circumstances confronting them. If the plaintiffs have not convinced you that the force used by the officers was unreasonable then you must return a verdict in favor of the defendants.

*Graham v. Connor*, 490 U.S. 386, 395, (1989)
*Wasserman v. Rodacker*, 557 F.3d 635, 384 U.S. App. D.C. 408 (D.C. Cir. 2009)
*Johnson v. District of Columbia*, 528 F.3d 969 (D.C. Cir. 2008)
*Young v. Scales*, 873 A.2d 337 (D.C. 2005)

## Defendants' Non-Standard Jury Instruction No. 3

### 42 U.S.C. § 1983: No Damages for Violation of Abstract Right

The Plaintiffs are not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated. In other words, violation of a constitutional right, in and of itself, does not entitle Plaintiff to an award of damages. Your award, if any, should be based upon proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.

*Memphis Community School District v. Stachura*, 477 U.S. 299 (1986).
*Carey v. Piphus*, 435 U.S. 247 (1978).

## Defendants' Non-Standard Jury Instruction No. 4

### 42 U.S.C. § 1983: No Punitive Damages Against the District of Columbia

You are instructed that punitive damages are not allowed against the District of Columbia, on either the federal or common law claims. In other words, you are not to make any award against the District to send a message to the defendants, to teach it a lesson, to punish the offender and to deter others from committing similar wrongs.

*Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).
*Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1987).

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN
Chief, Civil Litigation Division Section III
D.C. Bar No. 430388

*/s/ Joseph A. González*
JOSEPH A. GONZÁLEZ
Assistant Attorney General
D.C. Bar No. 995057
441-4th Street, N.W., Sixth Floor South
Washington, D.C. 20001-2714
202-724-5692 (direct)
Joseph.Gonzalez@dc.gov